(52 Misc. Rep. 220)

## KORN v. CAMPBELL.

(Supreme Court, Special Term, New York County. November, 1906.)

DEEDS—RESTRICTIONS—ENFORCEMENT.

A grantor conveyed a tract of land by a deed containing a covenant against nuisances, which restricted the use of the premises to the erection of first-class private residences. Subsequently the premises were divided, and thereafter dwelling houses were erected thereon which were used as private residences. *Held*, that the premises were subject to the covenant in the deed, and an owner of a part thereof was entitled to enforce it against an owner of another part, unless there had been such a change in the character of the neighborhood as to defeat the object of the covenant, and to render it inequitable to compel the owner to limit the use of his property for private residences only.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Deeds, §§ 543, 544.]

Action by David Korn against Georgine Campbell. Judgment for plaintiff.

Albert T. Sharps, James L. Bishop, and James Frank, for plaintiff.

David B. Ogden and Francis C. Huntington, for defendant.

NEWBURGER, J. Plaintiff is the owner of No. 924 Madison avenue, while the defendant is the owner of No. 922, and the buildings erected upon the premises are known as private dwelling houses. The defendant is about to alter the building No. 922, and has filed with the building department plans which contemplate such changes as to permit the lower part to be used for stores, and the first floor above the basement for office purposes; and, as defendant testified, the alterations were for the purpose of letting the building for business purposes. This action is brought to restrain the defendant from making such alterations as being in violation of a restrictive covenant imposed upon said property.

James Lenox on the 10th day of August, 1870, conveyed to one Lalor premises on the northwest corner of Madison avenue and Seventy-Third street, being 195 feet on the northerly side of Seventy-Third street from the corner of Madison avenue and 102 feet 2 inches on the westerly side of Madison avenue, from the corner. The deed contained a covenant against nuisances, which provided, among other things:

"Not to permit any trade or business whatsoever which may be in anywise noxious or offensive to the neighboring inhabitants, but will use, or suffer the said premises to be used, for the erection of first-class private residences only."

Subsequently the premises were divided, and thereafter dwelling houses were erected, and are now standing and used as private residences, with the exception of three properties further west on Seventy-Third street, which have been torn down and are now occupied by other private houses. The property of the plaintiff and defendant is still subject to the covenants in the deed from Lenox to Lalor. See Raynor v. Lyon, 46 Hun, 227. It has been repeatedly held that courts of equity will enforce such covenants, unless there has been such a

change in the character of the neighborhood as to defeat the object and purpose of the agreement, and to render it inequitable to deprive such owner of conforming his property to that character. It appears from the stipulated facts (Exhibit 3) that all the property upon both sides of Seventy-Third street and Seventy-Fourth street, from Fifth avenue to Park avenue, is used for private residences only, and the evidence wholly fails to disclose any change in the immediate neighborhood. The contention of the defendant that by reason of the change of the motive power of the railroad on Madison avenue the property cannot be as profitably sold or rented is not borne out by the evidence.

Judgment for plaintiff. Findings signed.